## BENJAMIN LYON vs. DANIEL J. COBURN.

The provision of the Rev. Sts. c. 90, § 78, authorizing the attachment and holding of personal property, subject to any mortgage, pledge, or lien, does not authorize the seizing of such property on execution.

In this case, which was an action of replevin, tried in the court of common pleas, before *Colby*, J., it appeared, that, on the 26th of February, 1846, Sarah L. Hawes, being the owner of the property replevied, made a mortgage thereof, with other property, to the plaintiff, to secure the payment of a debt on demand; that, on the 19th of June following, the mortgage still subsisting, the defendant, a deputy sheriff, seized the mortgaged property on an execution against the mortgagor; and that, on the 27th of the same month, the plaintiff sued out his writ of replevin.

The presiding judge ruled, *pro forma*, that the action could not be maintained; and a verdict being taken accordingly for the defendant, the plaintiff excepted.

*M. S. Clarke*, for the plaintiff.

There was no appearance for the defendant.

By the Court. The only question is, whether personal property of a debtor, which is subject to any mortgage, pledge, or lien, and of which the debtor has the right of redemption, may be taken by an officer on execution, and sold for the satisfaction thereof, in the same manner that it may be attached on mesne process, pursuant to Rev. Sts.

*c.* 90, § 78. The court are of opinion, that such property is not liable to be seized or taken on execution.

This, we believe, is the first time the question has been distinctly presented, and there are no adjudications on the subject. The language of the statute is appropriate to an attachment on mesne process, but not to a seizure or taking on execution. The language of the *St.* 1829, *c.* 124, § 2, was broader, and made it lawful to attach or take in execution such property. But the latter provision is omitted in the revised statutes, the language and provisions of which are particularly adapted to the case of attachment on mesne process. This is strengthened by the additional acts of 1843, *c.* 72, § 3, and 1844, *c.* 148. The directions and provisions of these clearly assume, that the attachment is on a writ, in a suit pending in court, and obviously refer to an attachment on mesne process alone.

But a creditor, in such case, is not without remedy. The case supposes, that he has obtained judgment, but has no property attached to satisfy his execution. In that case, he may have an action of debt on his judgment, and may attach mortgaged property under the statute cited, Rev. Sts. *c.* 90, § 78; or he may have a trustee process, and summon the mortgagee, as trustee, by Rev. Sts. *c.* 109, § 25.

*Exceptions sustained, verdict for the defendant set aside, and a new trial granted.*